**Bennie Edith HAMMOND, Appellant,**

v.

**Eugene Arthur HAMMOND, Appellee.**

**No. 09–84–358 CV.**

Court of Appeals of Texas, Beaumont.

March 28, 1985.

Rehearing Denied April 18, 1985.

Brock Huffman, San Antonio, for appellant.

Frederick E. Edwards, Houston, for appellee.

OPINION

BURGESS, Justice.

This is an appeal by writ of error. Eugene Hammond filed an action to dissolve his marriage to Bennie Hammond. Mrs. Hammond signed a waiver of citation, which included waiving appearance, waiving notice, waiving the making of a record and agreeing to the divorce. She also signed a property settlement agreement and she and her attorney approved the decree of divorce. On February 21, 1984, the matter was heard on the uncontested docket before a master. The decree of divorce, incorporating the property settlement agreement, was signed on March 6, 1984, by the district judge. Mrs. Hammond filed a motion for new trial on April 4, 1984, alleging there had been misrepresentations as to the value of the community estate and she had relied on these misrepresentations in agreeing to the property settlement agreement, there had been unauthorized additions to the property settlement agreement and in general, the issue of property division should be reconsidered by the court. The motion for new trial was overruled as a matter of law on May 21, 1984. A "Motion for Reconsideration of Motion for New Trial" was filed on June 5, 1984. Pursuant to that motion, the court conducted an evidentiary hearing on the same date. Thereafter, on June 7, 1984, the court, by letter, notified the parties that "the Court has this day denied movant's Motion for a new trial." On June 18, 1984, Mrs. Hammond requested the trial court file findings of fact and conclusions of law in regards to the "Motion for Reconsideration of the Motion for New Trial." No findings and conclusions were ever filed.

Appellant raises three points of error. Her first point is the trial court erred in overruling the motion for new trial in that there was sufficient evidence of extrinsic fraud to support the vacating of the order incorporating the property settlement agreement. Her next point is the trial court erred in denying her a new trial where there existed proof of newly discovered evidence. The last point is the trial court's failure to file findings of fact and conclusions of law constitutes reversible error.

Appellee initially joins the issue of the propriety of writ of error in this particular case. This must be addressed at the onset. The four elements necessary for a review by writ of error are: (1) it must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the actual trial either in person or by attorney and (4) error must be apparent from the face of the record. *TEX.R.CIV.P. 360, Brown v. McClennan County, Etc.*, 627 S.W.2d 390 (Tex.1982).

Mrs. Hammond satisfied the first two elements. The landmark case on participation in the trial is *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941). The pertinent language of the case, at 1097:

The *actual trial* of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. Revised Civil Statutes 1925, Arts. 2253 and 2255, Vernon's Ann.Civ.St. arts. 2253, 2255. *The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal.* (emphasis added). Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court. A party who did not participate in the hearing leading up to the rendition of judgment, but merely filed a motion for new trial, would be no more familiar with the record in most instances than one who did not so file a motion for new trial. We hold that the mere filing of a motion for new trial was not such participation in the actual trial of the case as to defeat the plaintiffs in error's right of appeal by writ of error.

Two courts of appeal cases are similar to the Hammond's case and reach different conclusions. In *Blankinship v. Blankinship,* 572 S.W.2d 807 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), the court held that the signing of a waiver and the signing of the judgment was "participation" to the extent to preclude review by writ of error. The court relied upon *Lawyers Lloyds, supra,* when it stated, at 808:

Appellant is not in the position of those who "discover that a judgment has been rendered against them after judgment has been rendered." Appellant signed his approval of the judgment prior to an entry and we therefore presume that he read it and had knowledge of its contents prior to its entry.

. . . .

Appellant here is in the category of those who "should reasonably use the more speedy method of appeal." He was fully familiar with the findings and conclusions of the decree even prior to its entry by the trial court. *Furthermore, he had waived the making of a record of the proceedings and therefore had no occasion to delay his appeal to this court pending preparation of a statement of facts.* (emphasis added). The record was complete, and appellant had sufficient familiarity with the events from his participation in the proceedings to enable him to prosecute an immediate appeal if he so desired.

A different result was reached in *Stubbs v. Stubbs,* 654 S.W.2d 838 (Tex.App.—Dallas 1983, no writ). Here, the party seeking the writ of error had signed a waiver and a property settlement agreement which had been incorporated into the divorce decree. The court allowed appeal by writ of error, specifically disagreeing with *Blankinship, supra,* claiming the *Blankinship* court had misconstrued the rationale in *Lawyers Lloyds, supra.* There are other cases which speak to the issue of participation and all recognize the question of what extent of participation in the actual trial that disqualifies an appellant from review by writ of error is one of degree. *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd). In *Lewis v. Beaver,* 588 S.W.2d 685 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), the court found that the approval of an agreed judgment by an attorney for a party was sufficient participation to preclude review by writ of error. There was dicta which indicated the issue of agreed judgments vis a vis judicial efficiency was strong consideration for their holding.

In the case of Mrs. Hammond, we accept the reasoning of the *Blankinship* court.

There was absolutely nothing to preclude Mrs. Hammond from perfecting an appeal. She only had to perfect the appeal within ninety days after the judgment had been signed (this was June 4, 1984) *TEX.R. CIV.P. 354, 356.* She was aware there was no statement of facts available from the trial. She had ample opportunity to have a hearing on her motion for new trial. We believe she falls into that category of appellants who are excluded from using the writ of error.

There is a second reason to deny Mrs. Hammond a review by writ of error. There is no error apparent from the face of the record. The error Mrs. Hammond alleges is extrinsic fraud, but she alleges it in regards to the trial court's failure to grant a new trial. The judgment she attempts to seek a review from is valid on its face. This situation is similar to that in *Nutter v. Phares*, 523 S.W.2d 292 (Tex.Civ.App.— Beaumont 1975, writ ref'd n.r.e.), wherein Justice Keith stated that an attempted appeal by writ of error is not to be used as a substitute for a bill of review, which is in the nature of a direct attack upon the judgments for defects not apparent upon the face of the judgment.

Having determined Mrs. Hammond is not entitled to bring this purported appeal in the nature of a writ of error, we do not address her assigned points of error. The appeal is dismissed.