David Lynn **BARNETT**, Petitioner,

v.

Katrina Y. **BARNETT**, Respondent.

No. 05-88-00100-CV.

Court of Appeals of Texas, Dallas.

May 9, 1988.

Steven G. Condos, Dallas, for petitioner.

C. Tony Wright, Dallas, for respondent.

Before ENOCH, C.J., BAKER and KINDEADE, JJ.

BAKER, Justice.

David Lynn Barnett seeks review by writ of error from the divorce decree entered by the trial court in the divorce action between David and respondent, Katrina Y. Barnett. For the reasons stated below, we dismiss the appeal.

In order to have a successful appeal on a writ of error, the action must be (1) brought within six months of the trial court judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) there must be error apparent from the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982); *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 642 (Tex.App.—Dallas 1987, no writ). It is undisputed that David timely petitioned for writ of error review and that he was a party to the suit. Therefore, the issues that are presented are whether he participated in the trial and whether error appears on the face of the record. We first consider David's participation.

Rule 45(b), Texas Rules of Appellate Procedure, bars a party who has participated in the actual trial from appealing by means of a writ of error. David contends that he did not participate in the trial within the meaning of Rule 45(b) because neither he nor his attorney appeared at the hearing on July 2, 1987, which was the date the trial court entered the judgment from which David seeks this review.

■ "Actual trial," as defined by our supreme court, means the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). This rule was intended to eliminate the right of appeal by writ of error of those who participated in the hearing in open court in the trial that lead to a final judgment. It was not intended to cut off the right of those who discover after the date of judgment, that a judgment has been rendered against them and who participate only to the extent of seeking a new trial. *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d at 1097. The courts have recognized that the extent of participation in the actual trial of the case disqualifying a party under Rule 45(b) is a matter of degree. Filing an answer or a motion for new trial is not participation. *See Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Lawyers Lloyds*, 152 S.W.2d at 1098.

The record in this cause consists of the trial court's docket sheets, a transcript containing certain instruments filed in the cause, and a statement of facts from a hearing held on July 3, 1986.[1] This record reflects that the petition for divorce was filed by Katrina on January 25, 1985. The docket sheet reflects that between that

---

1. The statement of facts filed contains the court reporter's certificate that the hearing was held on the 3rd day of July 1987. However, the court reporter furnished an affidavit noting the correct date of the hearing to be July 3, 1986, which comports with the date of the hearing as reflected on the court's docket sheet.

time and June 30, 1986, motions for contempt and for continuances were filed, with at least one agreed order for continuance being signed and entered by the trial court. The docket sheet reflects the case was set for trial on the merits on June 30, 1986, at which time both David and Katrina were in court with their attorneys, and the trial commenced. That same day, David filed his first amended answer and counterclaim for divorce and ancillary relief. The docket sheet further reflects that on July 3, 1986, David and Katrina were again in court with their attorneys. This was the hearing transcribed by the court reporter. The statement of facts confirms that both David and Katrina were in court together with their attorneys at which time an agreement between David and Katrina respecting the divorce, the custody of children, child support, and division of property was proved up. David's attorney cross-examined Katrina, and David testified to his understanding of the agreement and his approval of the same. The court's docket sheet contains the major details of the agreement made by David and Katrina and indicates that the formal written decree was to be submitted by Katrina's attorney.

The record further reflects that on or about October 13, 1986, David's attorney forwarded a proposed final decree of divorce to the court for signature advising the court that Katrina's attorney had failed to provide a draft of the proposed decree and that he on behalf of David was forwarding the decree for the court to enter. The trial court's docket sheet next reflects that on November 18, 1986, David's attorney filed a motion requesting entry of the decree. Then on November 21, 1986, David's attorney filed a first amended motion to sign decree of divorce requesting the award of attorney's fees. The trial court signed the decree of divorce offered by David and also awarded attorney's fees to David's attorney.

On December 18, 1986, Katrina filed a motion for new trial and for rehearing to set aside the decree of divorce that David procured on November 21, 1986. On January 22, 1987, David filed his response to Katrina's motion for new trial requesting the trial court to deny Katrina's motion for new trial and asking for attorney's fees and expenses. The trial court set aside both the November judgment and the attorney's fee award by an order entered on January 27, 1987.

Thereafter on March 31, 1987, Katrina filed her motion for entry of judgment, which was set for hearing by the trial court on May 15, 1987. The docket sheet reflects that Katrina's motion for entry of judgment was heard and granted on July 2, 1987, at which time Katrina appeared only through her attorney and neither David nor his attorney appeared.

As previously stated, David contends that since neither he nor his attorney was present at the time the trial court signed the judgment on July 2, 1987, neither participated in the "actual trial" leading up to the rendition of the judgment. We disagree, and hold that under the facts of this case the activities engaged in by David and his attorney in this proceeding, as demonstrated by the record before us, constitute participation in the actual trial of the case leading up to the rendition of the judgment. Review by way of writ of error is not available to David. *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d at 1098; *see also Mata v. Ruiz*, 640 S.W.2d 415, 417 (Tex.App.—San Antonio 1982, no writ). Because this holding disposes of the appeal, we do not deem it necessary to discuss the question of error on the face of the record.

This appeal is dismissed.