HARMON TRUCK LINES, INC., Formerly d/b/a Direct Connection Truck Lines, Appellant,

v.

Brian K. STEELE, Appellee.

No. 6–92–012–CV.

Court of Appeals of Texas, Texarkana.

July 14, 1992.

Rehearing Denied Aug. 25, 1992.

Arlen D. Bynum, Dallas, for appellant.

Charles Attaway, Texarkana, for appellee.

## OPINION

BLEIL, Justice.

Harmon Truck Lines, Inc. appeals from a default judgment in favor of Brian Steele. The issues presented on appeal are whether the manner of service of process suffices to uphold a default judgment and whether Harmon Truck Lines' motion for new trial should have been granted. We resolve these issues in favor of Steele and affirm.

The suit arose from a motor vehicle collision on May 17, 1991. Steele pleaded that the front rear tandem wheels of a tractor-trailer leased to Direct Connection Truck Lines, Inc.—a predecessor to Harmon Truck Lines, Inc.—and driven by Donald Zipper came off the truck while it was moving. The wheels hit a parked vehicle and injured Steele.

**Service of Process**

■ The first question we address is whether service of process was sufficiently effected on the named defendant. Since this case involves a direct attack upon a default judgment, the ordinary presumptions in support of valid service that are raised in a judgment addressed to the merits do not apply. *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ). For a valid default judgment to be obtained, there must be strict compliance with the rules of civil procedure respecting the issuance of citation, the manner and mode of service, and the return of process. *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d at 29; *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.23.2 (rev. 1984).

■ Suit was against Harmon Truck Lines, Inc., formerly doing business as Direct Connection Truck Lines; service of citation was by certified mail, return receipt requested, upon the registered agent for service, Philip E. Harmon, at his registered office in Clifton, Texas. The delivery was restricted delivery, that is, delivery restricted to the addressee or to an authorized agent of the addressee. The return receipt, filed October 7, is as follows:

Since the return receipt contains a signature that is not plainly that of Philip Harmon, the face of the record before us does not necessarily show that service was properly obtained. In the absence of other considerations, this would require reversal for a new trial.

However, our record is incomplete. Both sides agree that evidence was presented and a record was made of the trial proceedings and the hearing on the motion for new trial. No statement of facts has been provided for review. Ordinarily, in the absence of a statement of facts, we presume that sufficient evidence was introduced to support the decision of the fact finder. Although the rule is usually invoked in relation to a challenge to a factual finding at trial, *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987), it has specifically been applied in a case involving an apparent deficiency of citation. In a review of a default judgment, the rule has been applied to justify a presumption that the propriety of citation was supported by the evidence presented at a nontranscribed hearing. *A.T. Lowry Toyota, Inc. v. Pe-*

*ters*, 727 S.W.2d 307, 308 (Tex.App.—Houston [1st Dist.] 1987, no writ). Further, when a hearing is held, the appellant must file an affidavit saying that no evidence was presented if that was the case, or the appellate courts must presume that evidence was presented and that the evidence supported the action taken by the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992).

Here, evidence was presented at the trial. Thus, the record necessarily includes a transcript and a statement of facts from the trial hearing. Tex.R.App.P. 50(a). The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. Tex. R.App.P. 50(d). Here, Harmon Truck Lines' failure to file a statement of facts has left us unable to review a complete record to determine whether the face of that record affirmatively shows that service was properly made. Conceivably, evidence was offered at the default hearing to prove, for instance, that the signature on the return receipt is in fact that of Philip Harmon. Or, the evidence may have

proved that the person who signed the receipt was authorized to do so on behalf of Harmon Truck Lines. We are constrained to presume that the evidence presented to the trial court at hearing supports its conclusion that service was properly made.

We hold that when examined in its entirety the evidence shown on the face of a complete record—including a statement of facts—could affirmatively show strict compliance with the procedural rules. *See Higginbotham v. General Life & Accident Ins.*, 796 S.W.2d 695, 697 (Tex.1990), *quoting Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d at 885. On this basis, we conclude that service of process was sufficiently effected to support the default judgment. Were we to hold otherwise, we would encourage appellants to submit appeals from default judgments without a statement of facts.

The Motion for New Trial

■ We now turn to Harmon Truck Lines' contentions regarding its motion for new trial. A trial court's denial of a motion for new trial is not to be disturbed in the absence of an abuse of discretion by the trial court. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). A default judgment should be set aside and a new trial ordered when the defendant's failure to appear was not intentional or the result of a conscious indifference on his part, but due to accident or mistake. The defendant's motion for new trial must also set up a meritorious defense and must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ Harmon Truck Lines' motion for new trial set out allegations raising a meritorious defense. Harmon Truck Lines also offered to reimburse Steele for costs incurred in obtaining the default judgment. These are factors for the trial court to consider in determining whether a new trial should be granted. *Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 97 (Tex.1986).

■ We next look to see whether Harmon Truck Lines' failure to appear was not intentional or the result of a conscious indifference, but rather due to accident or mistake. When the evidence presented by the defaulting party is controverted by the opposing side, it is the duty of the court, as the fact finder at a hearing on motion for new trial, to ascertain the true facts surrounding the default circumstances. It is therefore within the court's province to judge the credibility of the witnesses and to determine the weight which should be given to their testimony. *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex.App.—Corpus Christi 1990, writ denied). Even a slight excuse will suffice, especially where delay or prejudice will not result. *Gotcher v. Barnett*, 757 S.W.2d 398 (Tex.App.—Houston [14th Dist.] 1988, no writ). A movant is not required to show that he acted reasonably or that he was free from negligence. *Ferguson & Co. v. Roll*, 776 S.W.2d 692 (Tex.App.—Dallas 1989, no writ). A conclusion that a failure to answer was intentional must have support in the record and be correct as a matter of law. *Strackbein v. Prewitt*, 671 S.W.2d at 39; *Gotcher v. Barnett*, 757 S.W.2d at 402.

Harmon Truck Lines' affidavits filed in support of its motion show some negligence on the part of those individuals to whom the petition was sent. Although the excuses given are slight, they do not indicate an intention to suffer judgment by default. There also is an indication that the driver was not working for Harmon Truck Lines at the time of the accident, and control of the truck does not clearly reside with Harmon Truck Lines. Again, however, all of the evidence upon which the trial court made its decision is not before this court. No statement of facts from the evidentiary hearing on the motion for new trial has been filed. Since Harmon Truck Lines has failed to show that no statement of facts from the hearing on the motion for new trial is available, we presume that evidence sufficient to support the trial court's judgment against the named defendant was introduced at the default hearing. *See Walker v. Packer*, 827 S.W.2d at 837; *see also Duplantis v. Noble Toyota, Inc.,*

720 S.W.2d 863, 865 (Tex.App.—Beaumont 1986, no writ). Absent a complete record for review pursuant to TEX.R.APP.P. 50(d), we find no abuse of discretion by the trial court in overruling Harmon Truck Lines' motion for new trial.

The judgment of the trial court is affirmed.