**Joel Kenneth NORTH, Jr., Appellant,**

v.

**Mary Lucille LAWRENCE, Appellee.**

**No. 01–92–00020–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1992.

Gregory E. Lucia, Joel Kenneth North, Jr., Houston, for appellant.

Roy W. Smith, Houston, for appellee.

Before SAM BASS, COHEN and JONES, JJ.

OPINION

SAM BASS, Justice.

This is an appeal by writ of error. In three points of error, North contends that the trial court erred in adjudicating him to be the parent of J___ A___ W___, a minor child, because: (1) Lawrence failed to give North notice of the hearing on the merits of her petition for legitimation as required under TEX.FAM.CODE ANN. § 13.22(c) (Vernon Supp.1992); (2) the waiver of citation affidavit Lawrence submitted included a waiver of the right to notice of the legiti-

mation proceedings, in violation of an express prohibition included in subsection (c) of section 13.22; and (3) the statement of paternity Lawrence submitted did not comply with the provisions of subsection (b) of section 13.22.[1]

We reverse and remand.

Lawrence filed her original petition for legitimation of J___ A___ W___ on April 17, 1991. On the same day, North signed a statement of paternity and a waiver of citation affidavit. Both documents were filed with the clerk of the trial court on June 18, 1991. On that day, Lawrence appeared with her attorney and presented evidence in support of her petition. North asserts he had no notice of the hearing, either by written notice from Lawrence by first class mail, or otherwise. The decree of paternity recites that he did not attend the hearing. At the conclusion of the hearing, the court signed a decree of paternity adjudicating North to be the father of J___ A___ W___, and J___ A___ W___ to be the child of North. Lawrence and her attorney signed the decree; North did not. North filed his petition for writ of error on November 7, 1991, complaining of the June 18, 1991, decree of paternity, and on that same day filed his original answer to Lawrence's motion for enforcement of the court's child support order. North prays that this Court reverse the judgment of the trial court and remand the cause for a new trial.

■ To appeal by writ of error, a party to a judgment must show that: (a) he filed a petition for writ of error with the clerk of the court in which the judgment was rendered, within six months after the judgment complained of is signed; (b) he did not participate in the actual trial of the case in the trial court; and (c) the alleged error concerns a matter apparent on the face of the record of the case. *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex.1982); Tex.

R.App.P. 45. In this instance, North filed his petition for writ of error less than five months after the signing of the decree of paternity. His only participation in the case was to sign a statement of paternity and a waiver of citation affidavit, on April 17, 1991, more than two months before the hearing on the merits of Lawrence's petition. Those acts do not constitute participation in the "actual trial" of the case. *See Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941) ("actual trial" of case is the hearing in open court, leading to the rendition of judgment); *see also Stubbs v. Stubbs*, 654 S.W.2d 838, 841 (Tex.App.—Dallas 1983), *aff'd*, 685 S.W.2d 643 (Tex.1985) (appellant's having signed waiver of citation affidavit and property division agreement did not preclude his appeal by writ of error from divorce decree). North did not sign the paternity decree itself, which distinguishes the instant case from *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ) (party who had signed both a waiver of citation affidavit and the trial court's judgment was precluded from appealing by writ of error from that judgment). Finally, as will presently appear, at least one of North's assignments of error concerns a matter apparent on the face of the record. North has met the requirements for an appeal by writ of error.

■ In his first point of error, North contends that the trial court erred in adjudicating him to be the parent of J___ A___ W___ because he had no notice of the hearing on the merits of the petition for legitimation.

Section 13.22(c) of the Texas Family Code provides, in pertinent part, that

> The statement [of paternity authorized to be used in section 13.21 of the Family Code] may include a waiver of citation in

---

1. Section 13.022(b)(3) provides that a statement of paternity "must clearly state that: ... the child is not the biological child of another man." The statement of paternity executed in this case states instead that "the child is not the legitimate child of any other man." The statement of paternity tracks the language of former section 13.22. Act of June 19, 1975, 64th Leg., R.S., ch. 476, § 24, 1975 Tex.Gen.Laws 1253, 1261, *amended by* Act of June 14, 1989, 71st Leg., R.S., ch. 375, § 18, 1989 Tex.Gen.Laws 1477, 1482. The amendment became effective September 1, 1989.

a suit to establish the parent-child relationship but SHALL NOT include a waiver of the right to notice of the proceedings. If the respondent does not answer or appear after signing a waiver of service of process, *notice of the proceedings SHALL be given to the respondent* by first class mail sent to the address supplied in the waiver.

(Emphasis added.) In the instant case, the statement of paternity itself included no waiver of the right to notice of the proceedings. Such a waiver was, however, included in the separate waiver of citation affidavit executed contemporaneously. The two documents, though physically separate, are properly construed and considered together such that the physical separation, standing alone, is insufficient to take the waiver of the right to notice of the proceedings outside the prohibition of section 13.22(c). *See Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981) (separate instruments executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument, and are to be read and construed together). On that basis, the waiver is null and ineffective.

 It is apparent from the face of this record that North had no notice of the June 18, 1991, hearing. The inclusion of the waiver of notice as part of the statement of paternity indicates that the person drafting it—presumably, Lawrence's attorney—believed, on and before April 17, 1991, that that waiver would be legally effective. The waiver is evidence of that person's intention, as of the time he drafted it, not to send to North notice of the hearing, and is also evidence that that person subsequently acted in accordance with that intention. *See* 33 S. Goode, O. Wellborn, & M. Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 803.7 (Texas Practice 1988) and the cases cited therein, especially at n. 3. No contrary evidence appears in the record.

In addition, Lawrence, the appellee, filed no brief in this appeal, and has not challenged the statement made by North in his original appellant's brief, to the effect that the appellee did not provide him with notice of the June 18, 1991 hearing, either by first class mail or otherwise. This Court may therefore accept North's statement as correct. Tex.R.App.P. 74(f).

Point of error one is sustained. We do not reach North's other points of error. In particular, we note that we express no opinion on North's contention that the waiver of the right to notice of the legitimation proceedings that Lawrence included in the waiver of citation affidavit she submitted, operated automatically, under section 13.22(c), to make the affidavit insufficient to support the decree of legitimation, whether or not notice was actually given thereafter.

The decree of paternity is reversed, and the cause is remanded to the trial court for further proceedings. Tex.R.App.P. 81(c).