**SOUTH MILL MUSHROOMS SALES et al.**

v.

**Burton WEENICK and Gerald Weenick.**

No. 05–92–01105–CV.

Court of Appeals of Texas, Dallas.

Feb. 26, 1993.

Rehearing Denied April 5, 1993.

Mack Ed Swindle, Leslie Combs, Fort Worth, for appellants.

Douglas W. Brady, Dallas, for appellees.

Before CHAPMAN, ROSENBERG and WIGGINS[1], JJ.

## OPINION

ROSENBERG, Justice.

South Mill Mushrooms Sales, Inc. (South Mill) and John Pia petition for writ of error from a default judgment entered in favor of Burton Weenick and Gerald Weenick. In two points of error, South Mill and Pia contend the trial court did not have personal jurisdiction over them due to ineffective service of citation and the trial court did not afford them the proper time to file an answer. The Weenicks, in a cross point, assert that South Mill and Pia are precluded from petitioning for writ of error because they sufficiently participated in the case before the trial court. We sustain both of the appellants' points and overrule the Weenicks' cross point. We grant the writ, reverse the default judgment, and remand the cause to the trial court for further proceedings.

On July 1, 1991, the Weenicks and their attorney filed a lawsuit against Mushrooms & More, Inc., South Mill, and Pia. The

1. The Honorable Kevin B. Wiggins, Justice, participated in this cause at the time it was submitted for decision. Due to Justice Wiggins's leaving office on December 14, 1992, he did not participate in the issuance of this opinion.

original petition stated two causes of action. The first cause of action alleged a breach of contract action against Mushrooms & More, Inc. In the second cause of action, the Weenicks' attorney asserted an action for attorney's fees against Mushrooms & More, Inc., South Mill, and Pia. Service of the citation was upon the Secretary of State on July 8, 1991, for South Mill and Pia. Neither South Mill nor Pia filed an answer. On October 31, 1991, a motion for nonsuit was filed with respect to the claim for attorney's fees. On the same day, the Weenicks filed their first amended petition adding the allegation that false statements made by South Mill and Pia induced them into entering the agreement with Mushrooms & More, Inc. The Weenicks, in their brief, state that they inadvertently left South Mill and Pia out of the breach of contract action in their original petition. Service of citation on the amended petition was again upon the Secretary of State and was received November 5, 1991. South Mill and Pia received their copies November 12, 1991. The trial court entered a default judgment on November 4, 1991. South Mill and Pia filed an answer on December 2, 1991, and then filed a Motion for New Trial on January 3, 1992. After a hearing, the trial court denied the motion on February 3, 1992. South Mill and Pia petitioned for writ of error review of the court's decision.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). There is no dispute that the petition is timely and that South Mill and Pia are parties to the suit. The issues presented here are whether the appellants participated in trial and whether error appears on the face of the record.

We first address the Weenicks' contention that appellants are precluded from petitioning this Court by writ of error because appellants sufficiently participated in the trial. The Weenicks admit that South Mill and Pia did not participate in the trial

when the default judgment was entered. However, they claim that since appellants filed a motion for new trial and were present at the hearing on their motion, they sufficiently participated in the trial to prevent review by writ of error.

■ Rule 45(b) of the Texas Rules of Appellate Procedure provides:

No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.

Actual trial is defined to be the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (1941). The supreme court has stated that the rule should be liberally construed in favor of the right to appeal. *Stubbs*, 685 S.W.2d at 645. In fact, the courts have recognized that the extent of participation in the actual trial to disqualify a party is a matter of degree. *Id.* The Texas Supreme Court has held that the filing of a motion for new trial is not participation at trial. *Lawyers Lloyds*, 137 Tex. at 111, 152 S.W.2d at 1097–98.

To support their position that merely filing a motion for new trial does not preclude petitioning by writ of error but participating in a hearing on a motion for new trial does, the Weenicks cite *Hammond v. Hammond*, 688 S.W.2d 690 (Tex.App.—Beaumont 1985, writ dism'd). In *Hammond*, a divorce contest, the appellant signed a waiver of citation and a property settlement agreement, and approved the decree of divorce prior to the final judgment. After the judge signed the decree of divorce, appellant filed a motion for new trial, which was overruled by operation of law. The trial court then held an evidentiary hearing in response to appellant's motion for reconsideration. *Id.* at 691. The appellate court dismissed appellant's appeal by writ of error on the basis that there was absolutely nothing to preclude appellant from perfecting an appeal. *Id.* at 693. The appellate court's decision relied on lan-

guage from *Lawyers Lloyds* that "[t]he legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal." *Lawyers Lloyds*, 137 Tex. at 111, 152 S.W.2d at 1098. The Weenicks, therefore, argue that if a direct appeal is available, a party must avail himself of that remedy. It is only when a party is precluded from a direct appeal that he may file a petition for writ of error.

The Weenicks maintain that South Mill and Pia had the opportunity to perfect an appeal by ordinary means. They could have perfected an appeal following the court's denial of their motion for new trial, presumably a more speedy method of appeal. The Weenicks urge us to find that a party cannot seek review by writ of error under these circumstances.

■ However, the supreme court's test for participation does not rest on opportunity to appeal by ordinary means but on participation leading up to the rendition of judgment. *See Stubbs*, 685 S.W.2d at 645; *Lawyers Lloyds*, 137 Tex. at 111, 152 S.W.2d at 1098. The supreme court approved of a case similar to *Hammond, Blankinship v. Blankinship*, 572 S.W.2d 807 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), because there was a waiver of making a record and the judgment was signed by appellant prior to the entry by the trial court. *Stubbs*, 685 S.W.2d at 645. *Hammond* can be distinguished from our case by the appellant's participation in the judgment. We consider the controlling requirement that a party not participate in the trial is intended to eliminate the right of review by writ of error for those who take part in a hearing that leads to the final judgment. The rule is not intended to cut off the right of those who discover that a judgment has been rendered against them and participate only to the extent of pursuing a motion for new trial. *Lawyers Lloyds*, 137 Tex. at 110–11, 152 S.W.2d at 1097–98. Nothing in rule 45(b) precludes review by writ of error because an appellant could have pursued a normal appeal.

Tex.R.App.P. 45(b); *Stubbs*, 685 S.W.2d at 645.

■ South Mill and Pia did not appear before the court on any matter or participate in any hearing before the entry of the default judgment. We conclude that South Mill and Pia did not participate in the actual trial. The fact that appellants took part in a hearing on a motion for new trial, in the absence of any involvement in the case prior to the default judgment, does not disqualify them from seeking review by writ of error. We overrule the Weenicks' cross point.

We next consider whether there is error apparent from the face of the record. South Mill and Pia assert two points of error.

In their first point of error, South Mill and Pia contend that the trial court did not have personal jurisdiction because the Weenicks did not allege the requisite facts in their petition to authorize substituted service on the Secretary of State pursuant to section 17.044 of the Texas Civil Practice and Remedies Code. Thus, compliance with the long-arm statute is not affirmatively shown on the face of the record.

The Weenicks argue that appellants failed to present a sufficient record to show error requiring reversal. In particular, they argue that there is no statement of facts from the hearing on appellants' motion for new trial or an inclusion in the transcript of the order denying their motion. Since the record is incomplete, the Weenicks urge this Court to conclude that the evidence supports the judgment. The Weenicks cite *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262 (Tex.App.—Texarkana 1992, writ dism'd) as support for their position. In *Harmon* service of citation was by certified mail, return receipt requested, upon the registered agent for service. *Id.* at 263. The return receipt contained a signature that was different from that of the registered agent. *Id.* at 264. The appellate court stated that appellant's failure to file a statement of facts made it impossible for them to determine whether the face of the record affirmatively showed that service was properly made.

*Id.* The court reasoned that evidence could have been offered at the default hearing to prove that the signature on the return receipt was in fact that of the registered agent or that the person who signed the receipt was authorized to do so on behalf of the appellant. *Id.* at 264–65. The court, therefore, held that the evidence shown on the face of a complete record could affirmatively show compliance with the procedural rules. *Id.* at 265.

■ However, in a default judgment case in which jurisdiction is based on substituted service of process, jurisdiction must affirmatively appear on the face of the record. *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965). This requires that (1) the pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute, and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *See Bannigan v. Market Street Developers, Ltd.,* 766 S.W.2d 591, 592 (Tex. App.—Dallas 1989, no writ).

■ The Weenicks were required to plead sufficient facts in their petition to obtain service on South Mill and Pia. All we review is whether the facts pled are deficient and whether error exists in the Weenicks' petition. Therefore, the fact that the record is incomplete is not fatal to South Mill's and Pia's contention as it was to the appellant in *Harmon.*

The applicable long-arm statute provides that:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX.CIV.PRAC. & REM.CODE ANN. § 17.044(b) (Vernon 1986). The Weenicks' original petition alleged that South Mill was a foreign corporation with its principal place of business in Pennsylvania, which had failed to designate a registered agent for service of process. It failed to allege that South Mill did not have a regular place of business in Texas. Their petition also alleged that Pia was a resident of Pennsylvania with his place of business located in Pennsylvania. It did not, however, set forth any allegations that Pia did not have a regular place of business in Texas or a designated agent for service of process. Such omissions indicate a lack of jurisdiction over the appellants that is apparent on the face of the record. *See McKanna,* 388 S.W.2d at 929. Accordingly, we sustain the appellants' first point of error.

In their second point of error, South Mill and Pia contend that the court did not allow them the proper time in which to file an answer prior to the entry of the default judgment.

■ The original petition asserted only a cause of action against appellants on a sworn account for attorney's fees, on which an order of nonsuit was subsequently entered. The Weenicks did not allege a cause of action against the appellants until they filed their amended pleading on October 31, 1991. Because the amended pleading asserted a new cause of action and the appellants had not made an appearance, a new service of process was necessary. *See Sanchez v. Texas Industries, Inc.,* 485 S.W.2d 385, 387 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.). The Secretary of State received the amended petition on November 5, 1991, and then forwarded a copy of citation and petition to appellants on November 12, 1991. South Mill and Pia were entitled to file a written answer on or before the Monday after the expiration of twenty days after the date of service. TEX. R.CIV.P. 99(b). Since the court entered the default judgment on November 4, 1991, the appellants were not given the authorized time to answer. Furthermore, a default judgment cannot be entered until the citation with proof of service has been on file with the clerk of the court ten days. TEX. R.CIV.P. 107. Therefore, the trial court erred by ordering the default judgment. Accordingly, we sustain appellants' second point of error.

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.