Christopher W. ROBERTSON, Appellant,

v.

**HIDE–A–WAY LAKE CLUB, INC., Appellee.**

No. 12–91–00082–CV.

Court of Appeals of Texas, Tyler.

June 30, 1993.

Ben Corn (now deceased), Stephens and Corn, Tyler, for appellant.

R. Brian Craft and Molly Anderson, Ramey Law Firm, Tyler, for appellee.

RAMEY, Chief Justice.

Appellant seeks review by writ of error of the denial by the trial court to reinstate Appellant's suit or to correct a non-suit order nunc pro tunc. Appellee has moved to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the petition for writ of error.

This is an appeal from a non-suit of the second of two identically-styled lawsuits filed by the Appellant, Christopher W. Robertson ("Robertson") against Hide–A–Way Lake Club, Inc. ("Club"). We have no record of the proceedings in the first suit. No evidence was offered in this second suit. From the undisputed facts in both counsels' arguments at the reinstatement hearing, from the pleadings and from the unchallenged statements in Club's brief[1] we learn that the following occurred:

Cause Number 89–948–B ("first suit") was filed by Robertson for alleged tortious interference with a real estate transaction. At the trial of this first suit, presided over by a visiting judge, a timely oral motion for non-suit, as authorized by Tex.R.Civ.P. 162, was made by Robertson's counsel. The first trial was then terminated, and the visiting judge instructed Robertson's counsel to prepare and submit a non-suit order for the court's signature; no written order for this non-suit was ever filed in the first suit, however. Thereafter, on October 29, 1990, Cause Number 90–2140–B ("second suit"), involving the same parties, was filed by Robertson and assigned to the same court.

The unfortunate chain of circumstances, at least from Robertson's perspective, commenced three days later. At that time, an Order for Non–Suit Without Prejudice was submitted to the presiding judge by Robertson's counsel and signed by the court. This order was shown to be in Cause Number 90–2140–B, the number of the second suit, rather than the cause number of the case in which the oral motion for non-suit had been made. The order was signed and filed in the second suit as the cause number of the order designated.

No attempted corrective action was taken by Robertson until forty three days had elapsed from the date of the order; the trial court's thirty-day plenary jurisdiction of the second suit had expired. Tex. R.Civ.P. 329b(d); *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex. 1987); *see Missouri Pacific Railroad Company v. Whitaker*, 815 S.W.2d 348, 349 n. 2 (Tex.App.—Tyler 1991, mand. motion over.). Robertson had, nevertheless, continued his efforts to secure service of process upon prospective defendants in the second suit. On December 3, 1990, Club filed a Motion to Quash Citation served upon a Club defendant after the non-suit order had been signed. On December 14, 1990, Robertson filed a pleading to rectify the cause number mistake and misfiling, to wit, his Motion to Reinstate the second suit in which he also prayed that "the Court enter a Judgment Nunc Pro Tunc or otherwise correct Order ..."

On February 8, 1991, the presiding judge convened a hearing to consider Robertson's Motion to Reinstate as well as Club's mo-

1. Tex.R.App.P. 74(f).

tions to quash citations. No evidence was offered or requested. At the conclusion of the arguments, the court orally ruled that, "At this time I will grant a new trial in connection with this matter, reinstate the case on my own motion, and the case will continue on the Court's docket." No written order to that effect has been filed. Apparently, at the February 8 hearing, in light of the trial court's oral ruling attempting to reinstate the second suit, no reference was made by the court to Robertson's additional request of Judgment Nunc Pro Tunc.

On February 12, 1991, Club filed a Motion to Reconsider Order Granting New Trial on the grounds that the trial court's plenary jurisdiction had expired before it had granted the new trial. A docket sheet entry shows that, on February 19, 1991, the court vacated its previous order granting the new trial and dismissing the Motion to Reinstate for lack of jurisdiction. There is no record of a court hearing in conjunction with the February 19 ruling, and the transcript contains no written order of this ruling. There is, however, no dispute that these events occurred. Although Robertson thereafter filed additional non-suit pleadings and motions, including a motion for new trial, the trial court made no further rulings. The consequence of the cause number mistake was the termination of the second suit, which, in turn, ended Robertson's claim against Club; it appears that a third suit against Club at that time would have been time-barred by the statute of limitations.

On March 22, 1991, Robertson filed his Petition for Writ of Error, which mode of appeal is authorized by Tex.R.App.P. 45 and Tex.Civ.Prac. & Rem.Code Ann. §§ 51.-012 and .013 (Vernon 1986). Club responded by filing a Motion to Dismiss Appeal for Want of Jurisdiction. There are four conditions required for a direct attack upon a judgment by the writ of error procedure: (1) the petition must be brought within six months after the judgment was signed, Tex.Civ.Prac. & Rem.Code Ann. § 51.013; Tex.R.App.P. 45(d); (2) by a party to the suit, Tex.R.App.P. 45; (3) who did not par-

ticipate in the trial, *id;* and (4) the error complained of must be "apparent from the face of the record." *DSC Finance Corporation v. Moffitt,* 815 S.W.2d 551 (Tex. 1991).

The first two elements are satisfied. We are called upon to decide whether the third and fourth requisites have likewise been satisfied. Regardless of the nature of the circumstances that precipitated the appeal, there must be strict compliance with the explicit conditions of this limited mode of appeal. Each of the four requisites of an appeal by writ of error are mandatory and jurisdictional. *Lambda Construction Company v. Chamberlin Waterproofing and Roofing Systems, Inc.,* 784 S.W.2d 122, 124 (Tex.App.—Austin 1990, writ denied).

The third requirement, that the petitioner did not participate in the actual trial of the case, was discussed and defined in the landmark case, *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (1941):

> The *actual trial* of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts.

There was no actual trial in the second suit. The case was concluded by the signing of the order for non-suit. Club had not appeared in the case at that time. At this stage of the litigation and in the absence of a counterclaim, Robertson had the unqualified and absolute right to take a non-suit; the trial court's action in signing the order was merely ministerial. Tex.R.Civ.P. 162; *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982). Many Texas cases have considered the "trial participation" element in writ of error appeals. Hall, *Appellate Review of Default Judgments by Writ of Error,* 51 Tex.B.J. 192. Even where the appealing party has had no actual involvement in the trial proceedings, trial participation is established in these cases by the action of that party in approving the final

order in the case.[2]  Here, Robertson's counsel not only approved the non-suit order but actually prepared the non-suit order and submitted it to the trial court.[3]

■ We are mindful that TEXAS RULES OF APPELLATE PROCEDURE should be liberally construed in favor of the right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).  The extent of participation in the actual trial that would disqualify an Appellant from suing out a writ of error is a matter of degree.  *Id.*  Nevertheless, to hold that Robertson did not participate in the trial herein would not comport with the history of this case.  Robertson's counsel's submission of the non-suit order, on which the questioned cause number was inscribed, directly caused the disposition of this case; neither the trial court's ministerial signing of the order nor the action of any other party played a role in the termination of the suit.  Preparing and submitting the non-suit order to the court constituted participation in the actual trial of this case; Robertson has not satisfied the third requirement for a writ of error appeal.

■ There is an additional reason we must dismiss.  The fourth requirement that any claimed error must be apparent on the face of the record must, likewise, be satisfied.  In review of a writ of error appeal, the record includes "all of the papers on file in the appeal including the statement of facts".  *DSC Finance Corporation*, 815 S.W.2d at 551.  Here, the papers on file consisted of the transcript and the brief statement of facts that merely reported the argument of counsel at the post-disposition hearing.  Any matter, not before the trial court prior to the dismissal of the suit, cannot be considered.  *General Electric Company v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex.1991); *Nutter v. Phares*, 523 S.W.2d 292, 294 (Tex.Civ.App.—Beaumont 1975, writ ref'd, n.r.e.).  Thus, the record, for our review, consists of the plaintiff's original pleading and the non-suit order.

At the time the non-suit order was signed, the second suit had been filed and the trial court had jurisdiction of the case.  Robertson was authorized to take a non-suit at this stage of the litigation.  TEX. R.CIV.P. 162.  The order of non-suit was signed by the trial court in the discharge of its ministerial duty.  The order was filed in the designated cause.  There is no apparent error on the face of this record.

■ Robertson, however, contends that there is error in that the trial court did not have authority to sign the order in the absence of a motion for non-suit.  Here, there is no separate motion for non-suit; there is reference in the order to a motion for non-suit.  TEX.R.CIV.P. 162 provides that there is no "necessity of court order"; a motion for non-suit is sufficient to terminate the lawsuit.  The relevant provision of Rule 162 speaks to the necessity of notice of the non-suit to the non-movant, not the instrument by which the non-suit is taken.  An order of non-suit is also sufficient to

**2.** *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.App.—Houston [14th Dist.] 1978, no writ) approved by the Texas Supreme Court in *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985) (approved judgment: trial participation vs. signing agreement incident to divorce in *Stubbs:* no trial participation); *North v. Lawrence*, 841 S.W.2d 540, 541 (Tex.App.—Houston [14th Dist.] 1992, no writ) (approved paternity decree: trial participation vs. signing statement of paternity: no trial participation); *Hammond v. Hammond*, 688 S.W.2d 690, 692 (Tex.App.—Beaumont 1985, writ dism'd) (approved divorce decree and property settlement agreement incorporated into decree: trial participation); *Lewis v. Beaver*, 588 S.W.2d 685, 686 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (agreed to court judgment: trial participation); *Byrnes v. Blair*, 183 S.W.2d 287, 288 (Tex.Civ.App.—El Paso 1944, no writ) (excepted to court judgment: trial participation).

**3.** Several opinions have stated that the legislative intent of the antecedent statute of TEX. R.APP.P. 45 (art. 2249a, V.A.C.S.) was not to preclude an appeal by writ of error by those who did not discover that a judgment had been rendered until after it had been rendered.  *Lawyers Lloyds of Texas*, 152 S.W.2d at 1097; *Hammond*, 688 S.W.2d at 692; *Blankinship*, 572 S.W.2d at 808.  As his counsel prepared the order, Robertson had, at least, constructive knowledge of its signing and entry.  Furthermore, writ of error is not available to a party who suffers a final judgment by his own conduct.  *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ).

terminate a case. The filing of a signed non-suit order, rather than a motion for non-suit, does not demonstrate error in the disposition of the second suit apparent on the face of its record. The fourth condition is not satisfied.

Although asserted in Robertson's briefs, we do not reach Robertson's points of error related to correction of the order nunc pro tunc because of our disposition of the case on jurisdictional grounds. An additional question is tangentially presented. The trial court has not considered nor ruled upon Robertson's prayer for a nunc pro tunc order as sought in its Motion to Reinstate; likewise no evidentiary record or findings have been made relative to that plea. We do not address the issue of whether the trial court, at this stage of the proceedings, retains jurisdiction to grant a nunc pro tunc order, should it find that the non-suit order was incorrectly numbered and filed as the result of clerical error. TEX.R.CIV.P. 316.

The motion to dismiss this appeal is granted and the petition for writ of error is dismissed.