Dismissed and Memorandum Opinion filed December 16, 2010.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00958-CV

____________

 

VANESSA NIEVES VAZQUEZ, Appellant

 

V.

 

FRANCISCO NG, Appellee

 



 

On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 2009-01506

 



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from a final decree of divorce signed
March 26, 2009.  Appellant filed a notice of restricted appeal on September 27,
2009.  See Tex. R. App. P. 26.1(c) (notice of restricted appeal must be
filed within six months after judgment is signed).  

The right to a restricted appeal is limited to parties who
did not participate —either in person or through counsel —in the hearing that
resulted in the judgment complained of and who did not timely file a
post-judgment motion or notice of appeal.  Tex. R. App. P. 30.  These
requirements are jurisdictional and cut off a party’s right to seek relief by
way of a restricted appeal if they are not met.  See Clopton v. Pak, 66
S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

The final decree
contained in the clerk’s record recites that appellant “appeared in person and
through attorney of record . . . .”  The decree is signed by appellant’s
attorney “Approved as to Form.”  The trial court’s docket sheet recites
the following:

1/4/10 P appeared to prove up divorce.  R’s atty appeared
on her behalf.  Per request of both parties divorce will not be granted until
3/26/10.  Entry 3/26/10. All testimony has been received, just need decree.

Appellant was the respondent below.  Therefore, appellant’s attorney was
present when the divorce was proved up.  Because it appeared that appellant is
not entitled to a restricted appeal because she participated, through her
attorney, in the hearing that resulted in the entry of the decree, notification
was transmitted to the parties of this court’s intention to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating that
this court has jurisdiction over the appeal.  See Tex. R. App. P. 42.3(a).  Appellant’s response
fails to establish that this court has jurisdiction over the appeal.

The nature and extent of participation precluding a
restricted appeal in any particular case is a matter of degree because trial
courts decide cases in a myriad of procedural settings. Texaco, Inc. v.
Central Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996).  The issue
is whether the appellant participated in the decision-making event that results
in the judgment adjudicating the appellant’s rights.  Id.  The policy behind
the nonparticipation requirement is to deny appeal by writ of error (now
referred to as restricted appeal) to those who should reasonably resort to the
quicker method of appeal.  Id. at 590.  

The decision-making event is the proceeding in which the
questions of law and fact are decided.  Texaco, 925 S.W.2d at 589.  In a
divorce case, the decision-making event is the hearing at which the final
divorce decree is proven up.  Cox v. Cox, 298 S.W.3d 726, 731 (Tex.
App.—Austin 2009, no pet.) (husband who did not appear at hearing where divorce
was proven was entitled to restricted appeal).  

In her response, appellant cites McKnight v.
Trogdon-McKnight, 132 S.W.3d 126 (Tex. App.—Houston [14th Dist.] 2004, no
pet.).  In McKnight, this court held that although the ex-husband
participated up to the point of the final divorce decree, he did not
participate in the proceedings two years later that resulted in a clarification
order, amended QDROs, and a stock division order that he sought to appeal.  Id.
at 129.  The appellant did not participate in a subsequent clarification
action in McKnight; therefore, McKnight is not similar to the
fact situation here.  Instead, this case is more akin to Barnett v. Barnett,
750 S.W.2d 881 (Tex. App.—Dallas 1988, no writ).  In Barnett, the
husband participated in the decision-making event when he was present at the
hearing where the terms of the divorce decree were proven up, but not at the hearing
where decree was entered.  Id. at 883.  

Appellant does not meet the requirements for a restricted
appeal because she participated through her attorney in the hearing which
resulted in the entry of the decree.  Because appellant’s counsel appeared at
the hearing to prove up the terms of the divorce and signed the final decree,
appellant had the ability to file an ordinary appeal.  See Texaco, 925
S.W.2d at 590; see also Hammond v. Hammond, 688 S.W.2d 690, 692-93 (Tex.
App.—Beaumont 1985, writ dism’d w.o.j.) (participation established through
waiver of citation, execution of property settlement agreement, and approval of
divorce decree by appellant and her attorney); Blankinship v. Blankinship,
572 S.W.2d 807, 808 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ)
(participation established by waiver of citation, waiving making of record, and
approval of divorce decree).

            Appellant did not file a motion for new trial or other
post-judgment motion.  Therefore, her notice of appeal was due April 26, 2010.  See
Tex. R. App. P. 26.1; see also Tex. R. App. P. 4.1(a) (extending deadline
to Monday when last day falls on Saturday or Sunday).  Appellant’s notice of
appeal filed September 27, 2010 is untimely.  Without a timely filed notice of
appeal, this court lacks jurisdiction.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Jamison.