**HOT SHOT MESSENGER SERVICE, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–224–CV.**

Court of Appeals of Texas, Austin.

Nov. 6, 1991.

Paul E. Knisely, Spivey, Grigg, Kelly & Knisely, Austin, for appellant.

Jim Mattox, Atty. Gen., Brian D. Mac-Leod, Asst. Atty. Gen., Collections Division, Austin, for appellee.

Before POWERS, JONES and SMITH, JJ.

PER CURIAM.

The Texas Business Corporation Act authorizes substitute service of citation on the secretary of state when a corporation's registered agent cannot be found with "reasonable diligence" at the corporation's registered office. Tex.Bus.Corp.Act Ann. art. 2.11(B) (1980). The issue presented is whether "reasonable diligence" may be inferred from notations on an unserved citation that bears no signature signifying the officer's return of the citation? Under the facts of this cause we hold it may not.

The State of Texas obtained a default judgment against Hot Shot Messenger Service, Inc. for $211,483.11 in unemployment taxes alleged to be past due and unpaid, when Hot Shot failed to appear and answer in the cause after substitute service on the secretary of state under article 2.11(B). Hot Shot appeals by a petition for writ of error containing five points of error. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 51.012, .013 (1986); Tex.R.App.P.Ann. 45 (Pamph. 1991). Points of error three, four, and five pertain to a previous, unsuccessful appeal on the merits.[1] They are, therefore, moot. We will sustain point of error one, grant the petition for writ of error, and reverse the judgment.

■ A direct attack on a judgment by writ of error may: (1) be brought at any time within six months after the final judgment is rendered; (2) by a party to the suit; (3) who did not participate in the actual trial of the case; (4) when the error complained of is "apparent from the face of the record"; and (5) the judgment or amount in controversy exceeds $100.00. *DSC Fi-*

---

1. The controversy has been before us twice before. We have previously overruled Hot Shot's motions for leave to file petitions for writ of mandamus. *Hot Shot Messenger Serv., Inc. v. 98th Dist. Court,* Nos. CV–24,459, CV–24,460 (Tex.App., Nov. 28, 1990, orig. proceedings) (not designated for publication). We have also denied Hot Shot's motion to compel the Clerk of this Court to file the transcript and statement of facts in connection with a regular appeal because the record was not timely filed. *Hot Shot Messenger Serv., Inc. v. State,* 798 S.W.2d 413 (Tex.App.1990, writ denied).

*nance Corp. v. Moffitt,* 815 S.W.2d 551, 551 (1991); *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982); Tex.Civ.Prac. & Rem. Code Ann. §§ 51.012, .013 (1986); Tex. R.App.P.Ann. 45 (Pamph.1991). The only controversy between the parties is whether the asserted error is "apparent from the face of the record."

■ In point of error one, Hot Shot contends the trial court erred in rendering the default judgment because the face of the record did not show affirmatively that the court had acquired personal jurisdiction over the corporation by valid service of citation. Specifically, Hot Shot contends the record did not show that Hot Shot's registered agent could not be found with "reasonable diligence" at the corporation's registered office, a prerequisite to obtaining personal jurisdiction by substitute service on the secretary of state under article 2.11(B).

The record contains a citation, issued by the district clerk on April 4, 1989, directing personal service on Hot Shot by delivery to its registered agent at the registered office.[2] The return is not signed and does not indicate that the citation was ever served. The parties agree that the sole issue for the Court's determination is whether this citation and the notations thereon permitted the trial court to infer the "reasonable diligence" required as a prerequisite under article 2.11(B).

■ When a default judgment is attacked directly by petition for writ of error, the rules regarding the issuance, service, and return of citation are mandatory, and a failure to show affirmatively a strict compliance with those rules will render invalid any attempted service of citation. *E.g., Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.

1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965); *Roberts v. Stockslager,* 4 Tex. 307 (1849). Texas Rule of Civil Procedure 107 sets out what is required in the matter of a return of citation:

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.... When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain.

Tex.R.Civ.P.Ann. 107 (Supp.1991). The officer's failure to sign the return of citation renders the return fatally defective so that it will not support a default judgment on direct attack. *E.g., Retail Technologies, Inc. v. Palm City T.V., Inc.,* 791 S.W.2d 345, 347 (Tex.App.1990, no writ). It is undisputed here that the officer did not sign the return of the citation when he was unable to execute it by delivery to Hot Shot's registered agent at its registered address.[3]

■ Rule 107 requires that the officer sign the return regardless of whether service was obtained in accordance with the citation. The first sentence directs that the "return of the officer or authorized person executing the citation shall be endorsed on or attached to the same." The term "execution" as used in Rule 107 does not imply *successful* execution, because the final sentence of the first paragraph requires the officer to "show the diligence used ... to

**2.** The unexecuted citation issued on April 4, 1989, states in part:
TO: Hot Shot Messenger Service Ind., A Corporation of Texas by delivering to Darrell Donaldson, Registered Agent ~~2435 North Boulevard~~ *B/A 701 Shepherd 869 5525 phone* Houston, Harris County, Texas 77005
(italicized text handwritten in original).

**3.** The State suggests that it is possible to satisfy, by means other than an unserved citation, the

"reasonable diligence" that article 2.11(B) requires. The State argues that the statute might be satisfied, for example, by filing in the record of the cause the death certificate of the corporation's registered agent. We need not consider such hypothetical matters here. When the plaintiff relies solely on an unserved and unsigned return of citation to demonstrate "reasonable diligence" on the face of the record, the requirements of Rule 107 must be met.

*execute* the same" even when the officer has failed to execute the citation successfully. The return by an officer when the citation has not been executed must therefore: (1) be endorsed on or attached to the citation; (2) state that the citation was not served; (3) show the diligence used by the officer; (4) show the cause of the failure; (5) show where the defendant is to be found, if the officer can ascertain; and (6) be signed by the officer officially.

The requirement that the officer sign the return has existed since the early days of statehood and is not a meaningless formalism. 1848 Tex.Laws, ch. 95, § 11, at 108 (since repealed and promulgated as Tex.R.Civ.P.Ann. 107 (Supp.1991)). A return on a citation may not be impeached by the uncorroborated testimony of the party on whom the citation is served. *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 209 (1950); *Gatlin v. Dibrell*, 74 Tex. 36, 11 S.W. 908, 909 (1889) (contradicting an officer's return is not like an ordinary issue of fact to be determined by a mere preponderance of the evidence); *David v. Davis*, 521 S.W.2d 952, 954 (Tex.Civ.App.1975, no writ). The officer's return is historically afforded this special status because the officer may forfeit his official bond and be punished for failing to return a process or making a false return. 1846 Tex.Laws, § 2, at 265 (since repealed and codified as Tex.Loc.Gov't Code Ann. § 85.001(b) (1988)) (sheriff's bond); 1846 Tex.Laws, § 8, at 267 (since repealed and codified as Tex.Loc. Gov't Code Ann. § 85.021 (1988)) (penalty for false return by sheriff). Unsigned returns, therefore, do not qualify for the special status accorded an officer's return.

Even if we assume for the purpose of argument that the unserved citation is not fatally defective, the citation does not show "reasonable diligence" on its face. At oral submission the State requested that this Court take judicial notice that the notation "2435 North Boulevard *B/A 701 Shepherd 869 5525 phone*" means that 2435 North Boulevard, the registered agent's address, was a "bad address." There is nothing in the record to suggest that "B/A" means "bad address," and this matter is subject to reasonable dispute. Tex.R.Civ. Evid.Ann. 201 (Pamph.1991). We overrule the State's request for judicial notice and sustain point of error one.

Because of our disposition of point of error one, we do not reach point of error two. We also do not address points of error three, four, and five as these points are moot. Accordingly, we grant the petition for writ of error, reverse the trial court's default judgment, and remand the cause to the trial court.