**14850 QUORUM ASSOCIATES, LTD., Appellant,**

v.

**MOORE BUSINESS FORMS, INC., Appellee.**

No. 05–96–01775–CV

Court of Appeals of Texas, Dallas.

Dec. 15, 1998.

T. Ray Guy, Pamela S. Francis, Weil, Gotshal & Manges LLP, Dallas, for appellant.

Charles W. Getman, Cohen Swados Wright Hanifin Bradford & Brett, Buffalo, NY, for appellee.

Before Chief Justice THOMAS and Justices WHITTINGTON and ROACH.

## OPINION

MARK WHITTINGTON, Justice.

In this no-answer default judgment case, we must decide whether a plaintiff's attempt to serve a Texas limited partnership through the Texas Secretary of State without first attempting to serve its registered agent or general partner constitutes "error on the face of the record." For the reasons that follow, we conclude that it does. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

### BACKGROUND

14850 Quorum Associates, Inc. ("Quorum") is a Texas limited partnership that leased office space to Moore Business Forms, Inc. ("Moore") in North Dallas. In September 1995, a lease audit consultant informed Moore that the actual rentable space Moore had occupied since March 1990 was nearly nine hundred square feet less than what Quorum had previously represented. After learning of the discrepancy, Moore sent Quorum a demand letter, seeking the return of overpaid rent. Although the parties attempted to settle, Moore became dissatisfied with the negoti-

ations and sued for declaratory judgment, reformation of contract, fraud, negligent misrepresentation, breach of contract, unjust enrichment, and constructive trust. Moore sent the suit papers to the Texas Secretary of State for service upon Quorum. When Quorum did not answer, Moore filed a motion for default judgment. On June 21, 1996, the trial judge granted Moore's motion and entered a default judgment against Quorum for $151,694.47 plus prejudgment and postjudgment interest and attorney's fees. The judgment recited that citation was served according to law and the return of citation had been on file for the time required by law. On September 20, 1996, Quorum filed this appeal by writ of error.

SERVICE OF PROCESS

In its first point of error, Quorum contends we must reverse the default judgment because the record in this case does not affirmatively demonstrate that Moore strictly complied with the rules regarding issuance, service, and return of citation on a Texas limited partnership. Under this point, Quorum claims that Moore improperly attempted service of process through the Texas Secretary of State without first attempting to serve Quorum's registered agent or general partner. We agree.

A direct attack on a judgment by writ of error must be brought within six months after the date of judgment, by a party to the suit who did not participate in the actual trial, and the complained-of error must be apparent from the face of the record. *See* TEX.R.APP. P. 45 (former rules); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991) (discussing elements of writ of error); *South Mill Mushrooms Sales v. Weenick,* 851 S.W.2d 346, 348 (Tex.App.—Dallas 1993, writ denied) (same). In this case, it is undisputed that Quorum (i) filed its writ of error three months after the entry of default judgment, (ii) was the defendant below, and (iii) did not participate in the hearing that led

to the default judgment. Thus, the only issue before us is whether Quorum has shown error apparent on the face of the record. If it has, it is entitled to a reversal of the default judgment.

When a default judgment is attacked by writ of error, we do not indulge in any presumptions in favor of valid issuance, service, and return of citation. *See Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985); *Burns v. State,* 881 S.W.2d 132, 133 (Tex.App.—Houston [1st Dist.] 1994, no writ). Failure to show strict compliance with the rules relating to proper service renders any attempted service invalid and requires us to set aside the default judgment. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Uvalde Country Club,* 690 S.W.2d at 885. In addition, strict compliance must be affirmatively shown in the record unless the defendant voluntarily appears before judgment. *Primate Constr.,* 884 S.W.2d at 152; *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex. 1965).

Article 6132a–1, section 1.08 of the revised civil statutes governs service of process on a Texas limited partnership. Section 1.08 provides that any general partner or the registered agent of the limited partnership may be served. TEX. REV.CIV. STAT. ANN. art. 6132a–1, § 1.08(a) (Vernon Supp.1998). Service on the Texas Secretary of State is proper only when (i) the limited partnership fails to appoint or maintain a registered agent in Texas or the registered agent cannot with reasonable diligence be found at the registered office, and (ii) a general partner of the limited partnership cannot with reasonable diligence be found. TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 1.08(b) (Vernon Supp. 1998). To properly obtain a default judgment under the statute, the record must show that the defendant was amenable to service through the Texas Secretary of State. *See South Mill Mushrooms Sales,* 851 S.W.2d at 350; *Hot Shot Messenger*

*Serv., Inc. v. State,* 818 S.W.2d 905, 907 (Tex.App.—Austin 1991, no writ). In addition, there must be proof in the record showing that the defendant was, in fact, served in the manner required by the statute. *See South Mill Mushrooms Sales,* 851 S.W.2d at 350.

■ Here, the record fails to affirmatively show strict compliance with article 6132a–1. In its original petition, Moore alleged that Quorum "is a Texas Limited Partnership, doing business in Dallas County, Texas, and may be served through the Texas Secretary of State." The record, however, does not show that (i) Quorum failed to appoint or maintain a registered agent in Texas or the registered agent could not with reasonable diligence be found at the registered office, and (ii) Quorum's general partner could not with reasonable diligence be found. *See* Tex. Rev.Civ. Stat. Ann. art. 6132a–1, § 1.08(a) (Vernon Supp.1998); *Hot Shot Messenger,* 818 S.W.2d at 907–08. Because the record does not contain facts that, if true, would show Quorum was amenable to service through the Texas Secretary of State, we conclude Moore's attempted service was invalid.

Accordingly, we reverse the default judgment and remand this cause for further proceedings.