**ALLODIAL LIMITED PARTNERSHIP,**
Appellant,

v.

**SUSAN BARILICH, P.C., Appellee.**

No. 05–05–00455–CV.

Court of Appeals of Texas, Dallas.

Feb. 15, 2006.

James A. Pikl, James A. Pikl, P.C., McKinney, for appellant.

Craig A. Bernstein, Dallas, for appellee.

Before Justices MOSELEY, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is a restricted appeal from a default judgment entered against Allodial Limited Partnership in favor of Susan Barilich, P.C. on a sworn account. *See* TEX.R.APP. P. 30. In four issues, Allodial argues the trial court erred by entering the default judgment because it did not acquire personal jurisdiction over Allodial and by ruling that it lacked jurisdiction to consider Allodial's motion to set aside the default judgment. We conclude the trial court lacked personal jurisdiction over Allodial and reverse and remand for further proceedings.

### BACKGROUND

Barilich is a law firm retained by Allodial to represent it in litigation pending in Dallas County. Barilich sued Allodial for unpaid legal fees. Barilich's petition alleged:

Defendant, ALLODIAL LIMITED PARTNERSHIP, is a Limited Partnership having a principal place of business in Dallas County, Texas, but does not have a registered agent for service of process in Texas. Consequently, Defendant may be served with process through the Corporate Documents Section of the Texas Secretary of State . . . which is to forward the same via registered mail, return receipt requested, to Defendant's home office 3311 South Rainbow Boulevard, Suite 133, Las Vegas, Nevada 89146.

The certificate from the secretary of state shows that process was returned with the notation "Undeliverable As Addressed." Allodial never answered, did not appear in person or by attorney, and did not participate in the trial. The court entered a default judgment in favor of Barilich in the amount of $14,754.80 plus attorney's fees and prejudgment interest.

### STANDARD OF REVIEW AND APPLICABLE LAW

#### 1. Restricted Appeal

A restricted appeal is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture,* 811 S.W.2d 942, 943 (Tex. 1991); *Sutton v. Hisaw & Assoc. Gen. Contractors, Inc.,* 65 S.W.3d 281, 284 (Tex. App.-Dallas 2001, pet. denied). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. TEX.R.APP. P. 26.1(c), 30; *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997). The parties agree the only issue for our determination is whether there is error apparent on the face of the record.

## 2. Review of Default Judgment

■ When a default judgment is attacked, the record must show strict compliance with the rules relating to proper service. *14850 Quorum Associates, Ltd. v. Moore Bus. Forms, Inc.*, 7 S.W.3d 166, 168 (Tex.App.-Dallas 1998, no pet.). We do not indulge in any presumptions in favor of valid issuance, service, or return of citation. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *14850 Quorum Associates, Ltd.*, 7 S.W.3d at 168. We also do not make inferences of jurisdictional facts. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex. 1965). Jurisdictional facts must affirmatively appear in the record, and the plaintiff bears the burden of alleging sufficient jurisdictional facts to bring the defendant within the provisions relied on for service. *Id.* at 930. When a plaintiff relies on service through the secretary of state, the record must show (1) the defendant was amenable to service through the secretary of state and (2) the defendant was, in fact, served in the manner required by the statute. *See 14850 Quorum Associates, Ltd.*, 7 S.W.3d at 168–69.

### DISCUSSION

Allodial contends that the trial court did not have jurisdiction to enter the default judgment because Barilich failed to strictly comply with the statutory requirements governing substitute service on the secretary of state. Allodial argues there is no evidence in the record that Barilich complied with the requirements for service of process on a limited partnership because the record does not show that Barilich exercised reasonable diligence in attempting to serve Allodial's general partner before serving the Texas Secretary of State as required by section 1.08 of the Texas Revised Limited Partnership Act (TRLPA). TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 1.08 (Vernon Supp.2005).

Barilich argues section 1.08 of the TRLPA cited by Allodial does not apply because Allodial is a foreign limited partnership and section 1.08 governs service of process on domestic limited partnerships. Barilich contends that its request for service of process on Allodial through the Texas Secretary of State was proper under section 9.10 of the TRLPA governing service on foreign limited partnerships and the provisions of the civil practice and remedies code governing substituted service on nonresidents. *Id.* § 9.10; TEX. CIV. PRAC. & REM.CODE ANN. § 17.044 (Vernon 1997).

But Barilich's petition alleges only that Allodial is a limited partnership, not that it is foreign or domestic. From the face of the clerk's record, we cannot tell whether Allodial is a domestic or foreign limited partnership, and there is no reporter's record in this appeal relating to taking the default judgment.[1] Consequently, we will address the application of both of those sections of the TRLPA and provisions of the civil practice and remedies code.

### 1. Service under the TRLPA

*Domestic Limited Partnerships*

■ Section 1.08 of the TRLPA governs service of process on domestic limited partnerships that fail to appoint or maintain a registered agent in Texas. TEX.REV.

---

1. Although the parties agree that Allodial is a foreign limited partnership, we must determine this appeal from the record available to the trial court at the time of the default judgment. *See Infra–Pak (Dallas), Inc. v. Narmour*, 852 S.W.2d 565, 567 (Tex.App.-Dallas 1992, no writ) (proof of proper service must be presented before entry of default judgment); *NBS Southern, Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 472 (Tex.App.-Dallas 1989, writ denied) (same).

CIV. STAT. ANN. art. 6132a–1, § 1.08. It requires a plaintiff to exercise reasonable diligence to find and serve a general partner of the limited partnership before effecting service of process through the secretary of state. *Id.* § 1.08(b). Because the record in this appeal does not affirmatively show that Barilich first attempted service of process on Allodial's general partner, it does not show that Allodial was amenable to service through the Texas Secretary of State under section 1.08 of the TRLPA.

*Foreign Limited Partnerships*

■ Section 9.10 of the TRLPA governs service of process on foreign limited partnerships subject to the TRLPA. *Id.* § 9.10. Service on the secretary of state is proper for foreign limited partnerships subject to the TRLPA when (1) the foreign limited partnership fails to appoint or maintain a registered agent in Texas, (2) its registered agent could not with reasonable diligence be found at the registered office, (3) its registration was cancelled, or (4) it transacted business in Texas without having registered as required under the Act. *Id.* § 9.10(b). Once served, section 9.10(b) requires the secretary of state to forward the process to the partnership "at its principal office in the state under which the foreign limited partnership is formed as shown on the registration application." *Id.*

The record does not affirmatively show that Barilich strictly complied with section 9.10. In its original petition, Barilich did not allege that Allodial is a foreign limited partnership subject to the TRLPA. Even though Barilich's petition contained allegations that Allodial had minimum jurisdictional contacts with Texas, we cannot infer from these allegations that Allodial was a foreign limited partnership subject to the TRLPA because the pleadings did not in-

clude this required jurisdictional allegation. *See McKanna,* 388 S.W.2d at 929–30 (court may not infer jurisdictional facts). Additionally, the petition alleged that Allodial may be served at its "home office" in Las Vegas, Nevada, not that it was formed in Nevada and that the Las Vegas address was its "principal office." *See* TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 9.10(b). Consequently, the record does not show that process was mailed to Allodial's principal office in the state where Allodial was formed as required by the statute.

### 2. Service under the Texas Civil Practice and Remedies Code

■ Allodial also argues that sections 17.044(a)(3) and 17.045(b) of the Texas Civil Practice and Remedies Code do not apply and that Barilich's attempted service of process under those provisions was not proper. Barilich argues that service of process on the Texas Secretary of State was proper under sections 17.044(a)(1) and (b) and 17.045(a).

Sections 17.044 and 17.045 of the civil practice and remedies code govern substituted service of process on the secretary of state for certain nonresidents. TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.044, .045. A "nonresident" includes (1) an individual who is not a resident of this state; and (2) a foreign corporation, joint-stock company, association, or partnership. *Id.* § 17.041. But, as we previously noted, Barilich's petition alleged only that Allodial is a "Limited Partnership" not that it is a nonresident. And the petition alleged that Allodial had a principal place of business in Dallas County, Texas. Section 17.044(b) required Barilich to plead that Allodial did not maintain a regular place of business in Texas to allow substituted service on the secretary of state. *See id.* § 17.044(b).

In summary, the record does not affirmatively show that Barilich strictly complied with the provisions of the civil practice and remedies code for substituted service of process on a nonresident through the secretary of state. We sustain Allodial's second issue.

### CONCLUSION

We conclude Barilich's petition does not allege facts which, if true, show Allodial was amenable to service through the Texas Secretary of State. As a result, the trial court did not acquire personal jurisdiction over Allodial and its entry of the default judgment was in error. Because our decision on Allodial's second issue is dispositive, we do not decide Allodial's remaining issues. Accordingly, we reverse the judgment of the trial court and remand for further proceedings. Upon remand, Allodial is presumed to have entered its appearance to the term of the court at which the mandate shall be filed. TEX.R. CIV. P. 123.