Opinion issued May 31, 2007





 



 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00068-CV

____________


MARROT COMMUNICATIONS, INC., Appellant


V.


TOWN & COUNTRY PARTNERSHIP D/B/A TOWN & COUNTRY
VILLAGE, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2005-54598






O P I N I O N

 Appellant, Marrot Communications, Inc. ("Marrot"), challenges the trial court's
no-answer default judgment rendered in favor of appellee, Town & Country
Partnership doing business as Town & Country Village ("Town & Country"), in
Town & Country's suit against Marrot for breach of contract, fraud, conversion, and
quantum meruit/unjust enrichment. In three issues, Marrot contends that the trial
court erred in denying Marrot's motion for new trial "based on defective service" and,
alternatively, "under the Craddock test," (1) and in awarding Town & Country
"tort/punitive damages." 

 We reverse and remand.

Factual and Procedural Background


 In its original petition, dated August 26, 2005, Town & Country alleged that
on or about January 26, 2005, it entered into a "Media Services Agreement" with
Marrot. Under the contract, Marrot was required, among other things, to negotiate
on behalf of Town & Country with local television stations for advertising air time,
coordinate and plan the media to be broadcasted, manage and administer the
advertising account, and pay the stations for air time allocated to and used by Town
& Country. In particular, Town & Country entrusted Marrot with $200,000,
$125,000 of which was to be paid to the stations for advertising between March 21,
2005, and May 29, 2005 (the "Spring Flight"). The remaining $75,000 was to be paid
to the stations for advertising between November 21, 2005 and December 24, 2005
(the "Christmas Holiday Flight").

 Town & Country further alleged that despite the Spring Flight being run by the
media, Marrot never paid the stations the $125,000 fee for the advertising time. 
Instead, Marrot kept the money for its own use and benefit, contrary to its express
agreement to pay for this advertising time from the $200,000 provided by Town &
Country for this special purpose. As a result of not receiving payment for the Spring
Flight, the stations refused to run the Christmas Holiday Flight. 

 In its first amended original petition, dated September 2, 2005, Town &
Country alleged that Marrot "failed to properly maintain a registered agent for
service" and requested substituted service, pursuant to the Texas Business
Corporations Act, (2) through the Secretary of State. After filing its amended petition,
Town & Country then served Marrot by substituted service on the Secretary of State,
as indicated by a certificate from the Secretary of State, filed by Town & Country
with the trial court on October 20, 2005. Marrot failed to answer, and Town &
Country filed its motion for default judgment on November 3, 2005, alleging that
"service was effectuated on [Marrot] through the Texas Secretary of State as of
September 26, 2005, making [Marrot's] answer deadline October 17, 2005," and that
proof of service had been on file with the trial court for more than ten days. (3) 

 The trial court signed its default judgment on November 15, 2005, reciting that
it found and determined that Marrot had "been, duly, regularly and lawfully served
with Citation and process in the form and manner and for the length of time required
by law, and the return of Citation has been on file with the [trial court] for more than
ten (10) days (exclusive of the date of filing and the date of judgment), but [Marrot]
has failed to appear to make answer and wholly made default . . . ."

 Marrot, on December 9, 2005, filed its motion for new trial, (4) asserting that
service was defective and, alternatively, that a new trial should be granted under 
Craddock. Marrot alleged that "[t]he record reflects that service was effectuated on
the Secretary of State and not on [Marrot's] duly registered agent" and "[t]here is no
constable's (or private process server's) return in the record reflecting attempted
service on [Marrot] through its registered agent." 

 In its response, Town & Country asserted that service was attempted on
Marrot's registered agent. Town & Country attached to its response the affidavit of
the process server, Joel L. Hershey. (5) In his affidavit, Hershey testified that he
attempted to serve a copy of the petition and citation on Mark Rothenberg, Marrot's
agent registered with the Secretary of State, at 7026 Old Katy Road, Suite 210,
Houston, Texas 77024, on August 30, 2005, at 2:10 p.m., but the registered office
was vacant. Town & Country argued that because Marrot failed to maintain a
registered agent at the registered address, Town & Country "effectuated service on
[Marrot] through the Secretary of State . . . as evidenced by the [certificate from the
Secretary of State]." (6) 

 The trial court denied Marrot's motion for new trial. Defective Service

 In its first issue, Marrot argues that the trial court erred in denying its motion
for new trial on the ground of defective service because the record, prior to the entry
of the default judgment, contains no evidence that Town & Country attempted to
serve Marrot's registered agent at the registered office or used reasonable diligence
in attempting to serve Marrot's registered agent prior to serving the Secretary of
State. Marrot concludes that Town & Country's service of process was defective as
a matter of law and deprived it of both substantive and procedural due process.

 At any time after a defendant is required to answer, a plaintiff may take
judgment by default against the defendant if the defendant has not previously filed
an answer and the citation with proof of service has been on file with the clerk of the
court for ten days. Tex. R. Civ. P. 107, 239. Before a trial court may properly render
a default judgment, the record must reflect that the trial court has jurisdiction of the
subject matter and the parties and that the case is ripe for judgment. Finlay v. Jones,
435 S.W.2d 136, 138 (Tex. 1968). A trial court has "no more solemn judicial
obligation than that of seeing that no litigant is unjustly saddled with a judgment in
the absence of notice and a hearing." Id. at 138-39. When determining whether a
case is ripe for judgment, the trial court has a "judicial duty to ascertain and
determine" that the defendant has been "duly served with citation" and has no answer
on file. Id. at 139. Unless the record affirmatively shows, "at the time the default
judgment is entered," either an appearance by the defendant, proper service of citation
on the defendant, or a written memorandum of waiver, the trial court does not have
in personam jurisdiction to enter the default judgment against the defendant. Am.
Universal Ins. Co. v. D.B. & B., Inc., 725 S.W.2d 764, 766 (Tex. App.--Corpus
Christi 1987, writ ref'd n.r.e.); see also Cates v. Pon, 663 S.W.2d 99, 101-02 (Tex.
App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.). The Texas Supreme Court has
explained that even "[a]ctual notice to a defendant," after defective substituted
service, is "not sufficient to convey upon the court jurisdiction to render default
judgment against him." Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). As noted
by one court of appeals, "[v]irtually any deviation from the statutory requisites for
service of process will destroy a default judgment." Carmona v. Bunzl Distribution,
76 S.W.3d 566, 568-69 (Tex. App.--Corpus Christi 2002, no pet.).

 The Texas Business Corporations Act places upon corporations the duty to
maintain a registered agent and office and to notify the Secretary of State of any
change in either. See Tex. Bus. Corp. Act Ann. art. 2.11, § B (Vernon Supp. 2006);
Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc., 121 S.W.3d 31, 34 (Tex. App.--Houston
[1st Dist.] 2003, no pet.). Article 2.11, section B, provides in pertinent part,

Whenever a corporation shall fail to appoint or maintain a registered
agent in this State, or whenever its registered agent cannot with
reasonable diligence be found at the registered office, then the Secretary
of State shall be an agent of such corporation upon whom any such
process, notice, or demand may be served.


Tex. Bus. Corp. Act Ann. art. 2.11, § B (emphasis added). Only after the registered
agent of a corporation cannot be found with reasonable diligence at the registered
office can the Secretary of State act as agent of the corporation for service of process. 
Ingram Indus., Inc., 121 S.W.3d at 34. "Thus, a default judgment obtained after an
attempted substituted service [on the Secretary of State] will not stand absent a
showing by the plaintiff that, before it resorted to substituted service [on the Secretary
of State], it first used reasonable diligence in seeking service on the registered agent
of the corporation." Id. This Court has noted that one attempt to serve process on the
registered agent, when subsequent attempts would be futile, may be sufficient to
establish "reasonable diligence." Id.

 Marrot asserts that, at the time the trial court entered the default judgment
against it, the record was completely devoid of any evidence of attempted service on
its registered agent, let alone evidence of diligence in attempting such service. 
Marrot further asserts that Town & Country recognized this deficiency and attempted,
post-judgment, to correct the defective service by filing the process server's affidavit
in response to Marrot's motion for new trial. Marrot contends that the affidavit
cannot be considered because we are to examine the record as it existed at the time
the judgment was entered.

 In fact, when Town & Country filed its first amended original petition,
requesting substituted service on the Secretary of State under article 2.11, section B,
although it alleged that Marrot "failed to properly maintain a registered agent for
service" at the registered address, there was nothing in the record to indicate to the
trial court that Town & Country had demonstrated reasonable diligence in seeking
service on Mark Rothenberg, Marrot's registered agent. Again, prior to seeking
substituted service on the Secretary of State, a plaintiff must first show the trial court
that it used reasonable diligence in seeking service on the registered agent of the
corporation. Id. Here, at the time Town & Country sought substituted service, and
when the trial court subsequently entered the default judgment, the record did not
contain either an unexecuted return of citation, a process server's affidavit, or a
motion for substituted service.

 Town & Country asserts that "[a]s evidenced by a Certificate of the Secretary
of State, filed with the trial court, the amended petition and citation were duly served
on the Secretary of State on September 19, 2005, with a copy forwarded to Marrot's
Registered Agent by certified mail, return receipt requested, at the last known
Registered Address on September 26, 2005." Town & Country contends that, "[a]s
evidenced by the Certificate of the Secretary of State, the substituted service was
properly exercised by Town & Country upon Marrot through its agent, the Secretary
of State."

 The Texas Supreme Court has stated that absent fraud or mistake, a Secretary
of State's certificate constitutes conclusive evidence that the Secretary of State, as
agent of the defendant, received service of process for the defendant and forwarded
the service as required by the statute. Campus Investments, Inc. v. Cullever, 144
S.W.3d 464, 465 (Tex. 2004); Capitol Brick, Inc. v. Fleming Mfg. Co., Inc., 722
S.W.2d 399, 401 (Tex. 1986). Thus, the certificate may conclusively establish that
process was served. See Cullever, 144 S.W.3d at 466. However, the supreme court
in Cullever did not state that the certificate establishes that a defendant's registered
agent could not, "with reasonable diligence be found at the registered office" as
required by article 2.11, section B. As noted above, a plaintiff must establish, before
resorting to substituted service on the Secretary of State, that it used reasonable
diligence in seeking service on the registered agent of a corporation. Ingram Indus.,
Inc., 121 S.W.3d at 34. A default judgment is simply improper against a defendant
who has not been served in strict compliance with the law. Wilson, 800 S.W.2d at
837.

 Town & Country asserts that the affidavit of Hershey, its process server,
establishes that it used reasonable diligence in seeking service on Rothenberg,
Marrot's registered agent. Hershey in fact testified that he attempted to serve
Rothenberg, but he found the registered office vacant. However, this evidence was
not in the record and before the trial court when it entered the default judgment
against Marrot.

 Nevertheless, Town & Country argues that we must consider Hershey's
affidavit because "on appeal, the reviewing court scrutinizes the entire record to
determine whether service was valid," citing Ingram Industries, Inc., 121 S.W.3d at
34 ("The record as a whole, not only the unexecuted citation, may be considered to
determine whether the reasonable-diligence requirement is satisfied") and G.F.S.
Ventures, Inc. v. Harris, 934 S.W.2d 813, 816 (Tex. App.--Houston [1st Dist.] 1996,
no writ) (same). In response, Marrot argues that we cannot consider Hershey's
affidavit because it was not before the trial court at the time of the entry of the default
judgment, citing Tankard-Smith, Inc. General Contractors v. Thursby, 663 S.W.2d
473, 476 (Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.) (in assessing
validity of default judgment, appellate court may only consider record before trial
court as it existed prior to entering default judgment). See also Hot Shot Messenger
Serv., Inc. v. State of Texas, 818 S.W.2d 905 (Tex. App.--Austin 1991, no writ);
Thomas Petroleum Prods., Inc. v. Rulon Elec. Co., Inc., 609 S.W.2d 890 (Tex.
App.--Houston [14th Dist.] 1980, no writ).

 However, we again note that in order for a default judgment to be properly
rendered, the record must affirmatively show, at the time the default judgment is
entered, either an appearance by the defendant, proper service of citation on the
defendant, or a written memorandum of waiver. See Carmona, 76 S.W.3d at 568. 
Otherwise, the trial court does not have in personam jurisdiction to enter a default
judgment against the defendant. See id. Because Hershey's affidavit was not part of
the record until after the trial court signed the default judgment, we cannot consider
the affidavit as proper evidence of reasonable diligence prior to seeking substituted
service on the Secretary of State.

 As noted by Town & Country, the cases relied upon by Marrot involved
restricted appeals. See Thursby, 663 S.W.2d at 474; Hot Shot Messenger Serv., Inc.,
818 S.W.2d at 906; Thomas Petroleum Prods., Inc., 609 S.W.2d at 891. Because a
restricted appeal, typically dealing with issues of valid issuance, service, and return
of citation, is filed directly in an appellate court, "review is limited to errors apparent
on the face of the record." See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc.,
186 S.W.3d 571, 573 (Tex. 2006).

 Here, Marrot is appealing after it filed a motion for new trial, which was
denied. When a default judgment is attacked by a motion for new trial or bill of
review in the trial court, the record is not so limited and the "parties may introduce
affidavits, depositions, testimony, and exhibits to explain what happened." Id. at
573-74. This allows the parties, in the trial court, to address the elements of
Craddock or a bill of review. See Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d
124, 126 (Tex. 1939) (requiring new trial if defendant shows (1) default was neither
intentional nor result of conscious indifference, (2) meritorious defense, and (3) new
trial would cause neither delay nor undue prejudice); Alexander v. Hagedorn, 226
S.W.2d 996, 998 (Tex. 1950) (requiring that default judgment be set aside in bill of
review proceeding if defendant shows (1) meritorious defense to plaintiff's cause of
action, (2) which he was prevented from making by extrinsic fraud, accident, or
wrongful conduct of opposing party, and (3) that excuse offered is unmixed with any
fault or negligence of his own). Obviously, a trial court would need to hear and
consider evidence regarding these elements before granting or denying a motion for
new trial or deciding whether or not to set aside a default judgment in a bill of review.

 However, the critical issue before us is whether service upon the defendant was
defective in the first place, not "Why did the defendant not appear?" See Fidelity &
Guar. Ins. Co., 186 S.W.3d at 574. In other words, did the trial court err in entering
a default judgment against Marrot on the record before it at the time that it entered the
default judgment? A trial court's jurisdiction is dependent upon citation issued and
served in a manner provided for by law. Wilson, 800 S.W.2d at 836. As noted above,
unless the record affirmatively shows "at the time the default judgment is entered" an
appearance by the defendant, proper service of citation, or a written memorandum of
waiver, a trial court does not have in personam jurisdiction to enter the default
judgment. Am. Universal Ins. Co., 725 S.W.2d at 766. Town & Country did not
present Hershey's affidavit, in which he testified about his service attempt on
Rothenberg, to the trial court until after the trial court had entered the default
judgment against Marrot. As noted by Marrot, the record, prior to the entry of the
default judgment, contains no evidence that Town & Country could not "with
reasonable diligence" find Rothenberg at the registered office.

 Accordingly, we hold that Town & Country's substituted service on the
Secretary of State was defective and the default judgment in this case cannot stand. 
See Wilson, 800 S.W.2d at 837; Ingram Indus., Inc., 121 S.W.3d at 34. We further
hold that the trial court erred in granting the default judgment, not setting it aside, and
in denying Marrot's motion for new trial. Having so held, we need not consider
Marrot's second and third issues.

 We sustain Marrot's first issue.

Conclusion


 We reverse the judgment of the trial court and remand the cause for
proceedings consistent with this opinion.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

1. See Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).
2. See Tex. Bus. Corp. Act Ann. art. 2.11, § B (Vernon Supp. 2006).
3. See Tex. R. Civ. P. 107.
4. See Tex. R. Civ. P. 329b.
5. Hershey's affidavit appears in the record only as exhibit "B" to Town & Country's
response to Marrot's motion for new trial.
6. The certificate from the Secretary of State is attached as exhibit "C" to Town &
Country's response to Marrot's motion for new trial.