**Reversed and Remanded and Memorandum Opinion filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00364-CV

### ATRIUM MEDICAL CENTER, L.P., Appellant

### V.

### LANGE MECHANICAL SERVICES, L.P., Appellee

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-CCV-045978**

## MEMORANDUM OPINION

In this restricted appeal, appellant, Atrium Medical Center, L.P. ("Atrium"), seeks reversal of a default judgment in favor of appellee, Lange Mechanical Services, L.P. ("Lange"). In two issues, Atrium contends (1) the trial court erred by rendering a default judgment because Atrium was not properly served with process, and (2) alternatively, the evidence is legally and factually insufficient to

support the damages and attorney's fees awarded by the trial court. We reverse and remand.[1]

## I. BACKGROUND

Lange sued Atrium for various causes of action based on Atrium's alleged failure to pay for goods and services provided by Lange for Atrium's real property. In its petition, Lange alleged Atrium is a Texas limited partnership and requested service on Atrium via "its registered agent, Sandeep N. Patel . . . ." A citation was issued for service on this agent as requested in the petition. However, the return of service reflects the citation was delivered to "[ATRIUM] BY SERVING ITS C.E.O., SCOTT POSTON."

Atrium did not answer the petition. Lange moved for default judgment and attached evidence allegedly supporting its requested damages and attorney's fees. Atrium did not appear at the hearing on the motion for default judgment. On November 30, 2011, the trial court signed a final default judgment awarding Lange $29,305.98 as liquidated damages, $293 in pre-judgment interest, $5,000 in attorney's fees, and post-judgment interest. Atrium filed this restricted appeal.

## II. ANALYSIS

To prevail on a restricted appeal, the appellant must establish (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d

---

[1] Lange filed a notice in our court, stating that it did not intend to file an appellate brief.

845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c), 30.  In the present case, the first three elements are clearly satisfied, and we will focus on the fourth element.

Atrium contends that error in granting a default judgment is apparent on the face of the record because the return of service reflects Atrium was not properly served.  We agree.[2]

When a default judgment is attacked by restricted appeal, "'[t]here are no presumptions in favor of valid issuance, service, and return of citation.'"  *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006); (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam), which discussed rules applicable to writ of error, the predecessor to a restricted appeal); *see Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).  Strict compliance with the rules for proper service must affirmatively appear on the record in order for a default judgment to withstand direct attack.  *Primate Constr.*, 884 S.W.2d at 152; *see Uvalde Country Club*, 690 S.W.2d at 885.

The registered agent and each general partner of a limited partnership are its agents for service of process, subject to certain exceptions for service on the Secretary of State, which are inapplicable in the present case.  *See* Tex. Bus. Orgs. Code Ann. §§ 5.201(b)(1), 5.251, 5.255(2) (West 2012).[3]  As we have mentioned,

---

[2] Relative to its first issue, Atrium also contends there is error on the face of the record because the language on the citation is defective.  We need not consider this contention because we agree the record reflects Atrium was not properly served.

[3] Atrium also cites section 1.08 of the former Texas Revised Limited Partnership Act, which provided that the registered agent and each general partner of a limited partnership are its agents for service of process, subject to exceptions for service on the Secretary of State.  *See* Act of April 14, 1987, 70th Leg., R.S., ch. 49, § 1, 1987 Tex. Gen. Laws 92–121 (expired Jan. 1, 2010).  The Texas Revised Limited Partnership Act expired by its own terms on January 1, 2010,

Lange pleaded, and citation was issued, for service on Sandeep N. Patel, as registered agent of Atrium, but the return shows this registered agent was not served. Rather, the return demonstrates citation was delivered to "[ATRIUM] BY SERVING ITS C.E.O., SCOTT POSTON." Thus, the actual service failed to comport with Lange's pleading and the issued citation. Moreover, Lange did not plead, and there is no indication in the record, Scott Poston was a registered agent or general partner of Atrium.

Because the record fails to affirmatively show compliance with applicable rules governing service, the trial court erred by granting default judgment against Atrium. *See Uvalde Country Club*, 690 S.W.2d at 884–85 (reversing, in direct attack, default judgment against company where plaintiff pleaded in petition that registered agent for service was "Henry Bunting, Jr." but citation and return reflected service on "Henry Bunting" because record did not show "Henry Bunting" was authorized to receive service or was connected with defendant); *14850 Quorum Assoc. Ltd. v. Moore Bus. Forms, Inc.*, 7 S.W.3d 166, 168–69 (Tex. App.—Dallas 1998, no pet.) (reversing, in direct attack, default judgment because record failed to affirmatively show compliance with requirements for service where plaintiff served partnership via Secretary of State but record did not show partnership was amenable to alternative service via Secretary of State); *Premier Coin Galleries, Inc. v. Grinage*, No. 04-08-00863-CV, 2009 WL 1804112, at *1–2 (Tex. App.—San Antonio June 24, 2009, no pet.) (mem. op.) (reversing, in direct attack, default judgment against corporation where plaintiff pleaded that named individual was registered agent and citation was directed to this individual, but return receipt for service by certified mail was signed by different person and

_____

and the present suit was filed in 2011. Nonetheless, the law is the same regardless of which provision governs this case.

record did not affirmatively show he was agent for defendant pursuant to section 5.255 of Business Organizations Act).

Accordingly, we sustain Atrium's first issue.[4]  We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


/s/     John Donovan<br>Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

---

[4] In light of our disposition of Atrium's first issue, we need not consider its second issue, contending the evidence is legally and factually insufficient to support the damages and attorney's fees awarded by the trial court.